UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23363-Civ-COOKE/GOODMAN

CHT HOLDINGS, LLC,

Plaintiff,

v.

TELEFONICA INTERNATIONAL
WHOLESALE SERVICES AMERICA, S.A.
And TELXIUS CABLE REPUBLICA
DOMINICANA, S.A.S.,

Defendants.
_____/

## ORDER DENYING DEFENDANT TELXIUS CABLE AMÉRICA S.A.'S OMNIBUS MOTION FOR FINAL DEFAULT JUDGMENT, MOTION FOR SANCTIONS

**THIS MATTER** is before the Court on Defendant/Counter-Plaintiff Telxius Cable América S.A.'s Motion for Final Default Judgment, Motion for Sanctions (the "Motion") (ECF No. 55), filed August 22, 2021. Plaintiff/Counter-Defendant CHT Holdings, LLC ("CHT") filed its response in opposition to the Motion on September 7, 2021. ECF No. 56. Defendant/Counter-Plaintiff Telxius Cable América S.A. ("Telxius") filed its reply in support of the Motion on September 13, 2021. ECF No. 58. Thus, the Motion is ripe for adjudication. For the reasons discussed below, the Court having reviewed the Motion, the record, and the relevant legal authorities finds that that the Motion should be denied.

In support of its Motion, Telxius argues that the Court should enter final default judgment or a lesser form of sanctions in its favor because:

> CHT Holdings, LLC ("CHT") is flouting the Federal Rules and this Court's orders. More than four months after April 26, 2021, when CHT's discovery responses were due, and more than two months after Magistrate Judge Goodman's July 1, 2021, deadline for CHT to respond (DE 40), CHT still has not served any written responses to Telxius's request for production, interrogatories, or requests for admission. Yet, CHT does not even mention— much less defend—these failures to respond, even though the Court's September 20, 2021, discovery deadline is looming. This willful misconduct warrants severe sanctions[.]

1

ECF No. 58 at 1. While the Court is sympathetic to Telxius's concerns, the Court is unwilling to enter a default judgment in its favor as a sanction for CHT's delays.

"[I]n fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense." *Pharma Funding, LLC v. FLTX Holdings, LLC*, No. 20-21103-CIV, 2020 WL 8084174, at *1 (S.D. Fla. Dec. 28, 2020), report and recommendation adopted, No. 20-21103-CIV, 2021 WL 107137 (S.D. Fla. Jan. 12, 2021) (quoting *Wallace v. Superclubs Props., Ltd.*, 2009 WL 2461775, at *5 (S.D. Fla. Aug. 10, 2009) (internal quotation marks and citations omitted)). The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *U.S. v. 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (noting that the court is not required to first impose lesser sanctions if doing so would be ineffective) (citation and quotations omitted); *see also Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) ("Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances.") (citations omitted). Moreover, dismissing the action or rendering a default judgment pursuant to Rule 37(b) is justified only if a party willfully or in bad faith failed to obey a court order. *See id.* (discussing the sanction of dismissal) (citation omitted); *Fountain v. U.S.*, 725 F. App'x 891, 893 (11th Cir. 2018) (discussing the sanction of dismissal and noting that a party's disregard of responsibilities also justifies dismissal) (citation omitted); *Maus v. Ennis*, 513 F. App'x. 872, 878 (11th Cir. 2013) (discussing the sanction of default judgment) (citation omitted). A dismissal or default judgment is not justified if the party's failure to comply was the result of simple negligence, a misunderstanding, or an inability to comply. *See 32%2C Scorpion Go-Gast Vessel*, 339 F. App'x at 905 (discussing the sanction of dismissal) (citation omitted); *Maus*, 513 F. App'x at 878 (discussing the sanction of default judgment) (citation omitted).

Here, it is apparent that CHT and its prior counsel had severe disagreements. Indeed, CHT's prior counsel withdrew from this action on June 17, 2021 when Judge Goodman granted prior counsel's motion to withdraw. *See* ECF No. 40. Thus, CHT was without counsel in this matter for approximately four weeks. It is unclear whether CHT's dispute with its prior counsel caused CHT's failure to respond to Telxius's discovery requests. But that is of no moment because there is no basis for the Court to conclude that less drastic sanctions would not ensure compliance with the Court's orders. This is especially true given the numerous

2

emails that CHT provided to the Court demonstrating the CHT's conferral efforts since its new counsel entered this case. *See* ECF No. 56-1. Moreover, on October 15, 2021, Judge Goodman issued a Post-Hearing Administrative Order which sanctioned CHT for its failure to respond to discovery. In fact, in that Order, Judge Goodman ordered CHT to respond to all of Telxius's discovery requests by October 18, 2021 and determined that CHT waived its objections, other than privilege, to Telxius's discovery requests. *See id.* Judge Goodman also ordered CHT to pay Telxius $1,500, by October 22, 2021, "[a]s a consequence for [CHT's] failure to timely respond to [Telxius's] requests for admission[.]" ECF No. 68 at p. 3. Thus, CHT has already been sanctioned for its failure to respond to Telxius's discovery requests. As such, the Court finds that the issuance of additional or more drastic sanctions at this juncture is inappropriate.

Furthermore, the Court has issued an Amended Scheduling Order in this case to ensure that Telxius is not prejudiced by CHT's prior failings to cooperate in the discovery process. Essentially, the amended scheduling order re-sets the clock in this case and provides both Parties and the Court with breathing room to ready this matter for trial; however, CHT is forewarned that the Court will not hesitate to issue sanctions, including a potential default judgment in Telxius's favor, should CHT fail to comply with any future Court orders or otherwise fail to cooperate in discovery.

Accordingly, for the reasons discussed above, it is hereby **ORDERED and ADJUDGED** that Defendant/Counter-Plaintiff Telxius Cable América S.A.'s Motion for Final Default Judgment, Motion for Sanctions (ECF No. 55) is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida, this 1st day of November 2021.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*