UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23363-Civ-COOKE/GOODMAN

CHT HOLDINGS, LLC,

Plaintiff,

v.

TELEFONICA INTERNATIONAL WHOLESALE
SERVICES AMERICA, S.A. n/k/a TELXIUS
CABLE AMÉRICA, S.A.,

Defendant.
_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on an independent review of the record. As discussed herein, the record in this case has become a bit of a tangled quandary for multiple reasons. The Parties appear to have had a "race to the courthouse" as CHT Holdings, LLC ("CHT") filed a complaint in this action (the "Lead Case" or the "Present Action") on August 13, 2020. Then, on August 20, 2020, Telxius Cable América S.A. (f/k/a Telefonica International Wholesale Services América S.A.) ("Telxius") filed a complaint against CHT in Case Number 20-cv-23607 (the "Second 2020 Action"). Both the Lead Case and the Second 2020 Action involve claims related to the same Service Agreement between the Parties and both cases were pending before the Undersigned. As such, on September 23, 2020, the Undersigned entered an order consolidating the Lead Case and the Second 2020 Action. ECF No. 13 (Case No. 20-23363).

Throughout the pendency of the Lead Action CHT has had difficulty in maintaining counsel. Indeed, on two separate occasions attorneys have withdrawn from representing CHT in this case. *See* ECF Nos. 34, 40, 109, and 111 (Case No. 20-23363). Furthermore, due to CHT's apparent struggle to timely retain counsel in this matter, this case was dismissed without prejudice on July 12, 2021. ECF No. 47 (Case No. 20-23363). In response to this dismissal, on August 27, 2021, CHT filed a new action under case number 21-cv-23117 (the "2021 Action"). The 2021 Action was transferred to the Undersigned on October 12, 2021. ECF No. 19 (Case No. 21-23117).

After its transfer to the Undersigned, CHT filed two motions to consolidate the 2021 Action with the Present Action. ECF Nos. 11 and 13. The Court granted those motions and consolidated the 2021 Action with the Present Action on October 28, 2021. ECF No. 86 (Case No. 20-23363). Telxius moved for summary judgment in the Present Action on October 4, 2021, ECF No. 62, and CHT moved for summary judgment on June 3, 2022, ECF No. 123. On March 11, 2022, however, the Parties filed a Joint Motion to Extend the Discovery Deadline by thirty days. ECF No. 120 (Case No. 20-23363). Then, on April 22, 2022, CHT filed a motion to extend the expert discovery deadline by approximately thirty days. ECF No. 122 (Case No. 20-23363). Telxius opposed that request. ECF No. 123 (Case No. 20-23363). In addition to the above motions, presently pending before the Court in the Present Action are: 1) Telxius' Motion to Strike Late-Filed Documents (the documents sought to be struck purport to support CHT's opposition to Telxius's Motion for Summary Judgment), ECF No. 76; 2) Telxius's Motion for Default Judgment against CHT – stemming from CHT's failure to timely retain counsel, ECF No. 115; and 3) Telxius's Motion to Dismiss with Prejudice premised on CHT's failure to comply with the Court's orders, ECF No. 116.

Also pending before the Court are Telxius' Motion to Quash Service of Process or, in the Alternative, Motion to Dismiss Under Rule 12(b)(4) and Rule 12(b)(5), which was filed in the 2021 Action prior to its consolidation with the Present Action. That Motion is premised on defects in the summons and insufficiency of service of process. ECF No. 20 (Case No. 21-23117). Also pending before the Court is CHT's Motion to Dismiss Telxius' Complaint filed in the Second 2020 Action. ECF No. 20 (Case No. 20-23363). This Order resolves both of those Motions.

### A. Telxius' Complaint is a Shotgun Pleading

While CHT's Motion to Dismiss Telxius' Complaint raises arguments related to whether Telxius pled sufficient facts to support its claims (and includes a fair bit of improper interpretation of the purported facts that cannot be considered on a motion to dismiss), upon reviewing Telxius' Complaint, the Court finds that Telxius' Complaint is a classic shotgun pleading and should be dismissed for that reason.

"To comply with the federal pleading standards, [a plaintiff] is required to, among other things, provide a short and plain statement of [its] claims showing that [it] is entitled to relief." *Luft v. Citigroup Glob. Mkts. Realty Corp., et al.*, 620 F. App'x 702, 704 (11th Cir. 2015)

(internal quotation marks omitted). A plaintiff must also "present each of [its] claims in a separate numbered paragraph, with each paragraph limited as far as practicable to a single set of circumstances." *Id.* "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Id.*

In its Complaint, Telxius alleges thirty-eight paragraphs of general allegations, which it reincorporates into each of its four separate counts. Telxius also reincorporates all prior paragraphs into each successive count, thus making it impossible to determine which factual allegations support each cause of action alleged. For example, Count III, the Declaratory Judgment Count, adopts all allegations in the previous fifty-four paragraphs. *See* ECF No. 1, ¶ 55 (Case No. 20-23607). By doing so, Count III also incorporates Counts I (Breach of Contract – Prevention of Performance) and Count II (Breach of Contract – Anticipatory Repudiation). Likewise, Count IV (Breach of the Implied Covenant of Good Faith and Dealing) incorporates Count I, Count II, and Count III and, thereby, the entirety of the Complaint. This is impermissible as each of Telxius' Counts are subsumed within each other. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) ("'[W]e have identified four rough types or categories of shotgun pleadings.' The first is 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.'" (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015)). As such, Telxius' Complaint must be dismissed.

### B. CHT's Improperly Served Telxius in the 2021 Action

As previously mentioned, prior to the Court consolidating the 2021 Action with the Present Action, Telxius moved to quash service of process and to dismiss CHT's Complaint for improper service. ECF No 20 (Case No. 21-23117). In support of that Motion, Telxius argues that CHT served an improper alias summons on "Telxius Cable, USA, Inc. (f/k/a Telefónica International Wholesale Services USA, Inc.), which . . . is not a party to this lawsuit or the agreement at issue." Case No.21-23117, ECF No. 20 at p. 3. In its opposition, CHT argues:

> Here, service was properly made on Telxius Cable, USA, Inc. because: 1) pursuant to the express terms of the Service Agreement, 'Telxius Cable, USA, Inc.' is synonymous with signatory "Telxius", and 2) signatory Telxius admittedly transacts business in the state of Florida by and through its Florida

subsidiary, Telxius Cable, USA, Inc. As such, Florida law permits service on Telxius Cable, USA, Inc. as an agent for Telxius.

Case No. 21-23117, ECF No. 23 at p. 3. Additionally, CHT argues:

> In this case, it is undeniable that its Florida subsidiary conducts business in Florida for Defendant Telxius because the Service Agreement expressly states this fact and plainly contemplates Telxius' performance of the Service Agreement through its subsidiaries. Accordingly, because CHT effected service on Telxius' registered agent for the domestic subsidiary acting on its behalf in the state of Florida, service is proper under Florida law.

*Id.* at p. 4. Thus, CHT maintains that service on Telxius Cable USA, Inc. was sufficient to serve Telxius because Telxius Cable USA, Inc. is purportedly a subsidiary of Telxius. This argument misses the mark.

In accordance with Rule 4(a)(1)(B) of the Federal Rules of Civil Procedure, "[a] summons must: . . . be directed to the defendant[]". Fed. R. Civ. P. 4(a)(1)B). Further, Federal Rule of Civil Procedure 4(h) governs service of process on corporations and provides that:

> service upon a domestic or foreign corporation that has not waived service, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(h)(1). In relevant part, Rule 4(e)(1) establishes that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In relevant part, Florida Statutes § 48.081 provides the following:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph(b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

§ 48.081, Fla. Stat. (2022).

"[T]he mere existence of a parent/subsidiary relationship—without more—does not support substituted service under Florida law. *Sucesores de Done Carlos Nunez y Dona Pura Galves, Inc. v. Societe Generale, S.A.*, No. 19-CV-22842, 2019 WL 5963830, at *2 (S.D. Fla. Nov. 13, 2019) (citing *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1357 (11th Cir. 2005)). "Rather, to justify service on a defendant via its subsidiary, a plaintiff must show 'that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state. . . .'" *Id.* (quoting *McClenon v. Nissan Motor Corp.*, 726 F. Supp. 822, 826 (N.D. Fla. 1989)).

Here, CHT failed to provide any evidence that demonstrates that Telxius exercised a degree of control over Telxius Cable USA, Inc. such that substitute service of process would be warranted. Relying on a single provision of the Service Agreement is not sufficient. This is especially true given that the provision in question does not mandate that Telxius must perform the duties under the Service Agreement through Telxius Cable USA, Inc. Accordingly, Telxius' Motion to Quash Service of Process or, in the Alternative, Motion to Dismiss Under Rule 12(b)(4) and Rule 12(b)(5) must be granted.

In conclusion, for the reasons discussed above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Telxius' Complaint filed in consolidated Case No. 20-23607 is **DISMISSED WITHOUT PREJUDICE**.
2. Telxius' Motion to Quash Service of Process or, in the Alternative, Motion to Dismiss Under Rule 12(b)(4) and Rule 12(b)(5) (filed pre-consolidation in Case No. 21-23117 at ECF No. 20) is **GRANTED**. Therefore, CHT's Complaint (filed pre-consolidation in Case No. 21-23117) is **DISMISSED WITHOUT PREJUDICE**.
3. Because both complaints are dismissed and, thereby, no longer pending before the Court, all other pending motions in Case No. 20-23363 are **DENIED AS MOOT**.
4. The Clerk is directed to administratively **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 30th day of June 2022.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*